**CLARY, Plaintiff-Appellant, v. CHRISTIANSEN, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7000. Decided November 22, 1948.

Bauer & Dreyer, Cincinnati, for plaintiff-appellant.
Brumleve, DeCamp & Wood, Cincinnati, for defendant-appellee.

## OPINION

By THE COURT:

This is an action against a surgeon for malpractice. The jury returned a verdict for defendant. The trial court overruled the plaintiff's motion for a new trial and entered judgment on the verdict. The plaintiff appealed from that judgment. Various errors are assigned.

(1) The first assignment is that the verdict is manifestly against the weight of the evidence.

The record shows that the defendant operated upon the plaintiff to remove an abscess from the lung. To do this, it was necessary to pack the pleural cavity with paraffin to prevent the infection from spreading when the abscess was opened. A later operation was performed to drain the abscess and remove the paraffin. It was in connection with this second operation that it was asserted that the defendant was negligent.

In performing this operation either of two types of electrical machines could be used, requiring different technique. The operation was performed at a hospital. The defendant instructed the hospital attendants to prepare an operating room and supply a Davis Bovie machine. When he arrived at the assigned room, he found the Davis Bovie machine was there, and he proceeded to test it, and found that it was in good working condition. He then repaired to the scrub room to prepare to perform the operation. After rendering himself antiseptic, he immediately went back to the operating room, where he found the plaintiff draped for the operation and the electrical machine in position, but as usual hidden from view of the surgeon by a screen between it and the operating table, excepting the attachments used by him in performing the operation.

As a matter of fact while the defendant was in the scrub room, attendants of the hospital had removed the Davis

Bovie machine and substituted therefor a Fisher machine. The defendant was not informed of this substitution and proceeded with the operation as though with a Davis Bovie machine. The result was that the plaintiff received a severe third-degree burn on the outer surface of the right thigh, where his leg rested on the electrode of the machine.

The defendant's evidence was that he knew nothing of this substitution of machines until long after the operation and after this action was filed. The plaintiff introduced no evidence of actual knowledge, but points out differences in the two machines and particularly in the pedals, and asserts that these differences were sufficient to have caused a reasonably prudent surgeon, familiar with both types, to have noticed the differences. The evidence, however, of the screening of the machine and that certain machines of the two types have similar pedals certainly prevented the court from charging the defendant with personal knowledge as a matter of law, and required that the issue be submitted to the jury.

It is asserted that if defendant could not be charged with personal knowledge that there had been a substitution of a Fisher machine for the Davis Bovie machines, the scrub nurse knew of the substitution and her knowledge is attributable to the defendant as a matter of law. She was an employee of the hospital, charged with the duty of preparing the room and the instruments and of supplying the instruments to the surgeon during the progress of the operation. The defendant had no right to direct as to the mode or manner of preparing the room for the operation.

We are of the opinion that the scrub nurse was not in any sense an employee of the defendant in the task of preparing the room preceding the actual beginning of the operation and that whatever negligence occurred in that connection cannot be attributed to him.

The court submitted to the jury the issue of whether under all the circumstances the defendant was negligent in using the Fisher machine instead of the Davis Bovie machine, and in the manner of its use, and in so submitting the issue to the jury we think no error was committed, prejudicial to the plaintiff.

We have examined the other assignments of error and find none of them well founded.

We find no prejudicial error in the record, and, therefore, affirm the judgment.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.